UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL P. TATRO                    :
                                    :
        v.                          :        C.A. No. 09-631S
                                    :
CITIGROUP, INC., et al.             :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff commenced this pro se action in Providence County Superior Court in late 2009.[1]
His Complaint is eighty-four pages long and names over a dozen corporate and individual
Defendants. Plaintiff asserts numerous state and federal claims including alleged violations of the
federal Fair Credit Reporting Act.

Pending before me for report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72)
are two pending Motions to Dismiss, each filed on January 19, 2010. (Document Nos. 16 and 23).
Plaintiff has not filed an opposition to either Motion, and the time for doing so expired on February
5, 2010. Local Rule Cv 7(b)(1). Plaintiff also did not file a motion to extend the opposition
deadline. Thus, the Motions are unopposed and ripe for decision.

The first Motion to Dismiss (Document No. 16) was filed by Defendant Siddharth N. Mehta
who is apparently sued on an agency theory by Plaintiff. Mr. Mehta is sued in his capacity as the
Manager of Trans Union, LLC. Trans Union, LLC is also a Defendant in this action. Mr. Mehta
moves to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), lack of personal jurisdiction,

---

[1] Plaintiff is currently incarcerated serving a federal sentence imposed in United States v. Tatro, CR No. 07-143S, on January 7, 2009.

Fed. R. Civ. P. 12(b)(2), and insufficient process and service of process, Fed. R. Civ. P. 12(b)(4) and (5). The second Motion to Dismiss (Document No. 23) was filed by Defendant Kenneth I. Chenault and raises the same legal arguments as Mr. Mehta's Motion. Mr. Chenault is sued in his capacity as the President/CEO of the American Express Company. The American Express Company is also a Defendant in this action.

After reviewing Plaintiff's <u>pro se</u> Complaint and the dismissal arguments made by Defendants Mehta and Chenault, I recommend that the pending Motions to Dismiss (Document Nos. 16 and 23) be GRANTED. First, Plaintiff has failed to file an opposition to either Motion. Although Plaintiff is entitled to some deference due to his <u>pro se</u> status, it is his responsibility to keep abreast of the rules and his filing requirements in this case (Local Rule Gen. 201(b)(4)) and also his obligation to notify the Clerk of Court of any change in address (Local Rule Gen. 205(d)).

Second, the unopposed legal arguments made by Defendants Mehta and Chenault have merit and warrant dismissal of Plaintiff's agency claims against them. Plaintiff has sued the employers of both of these individual Defendants. Even giving Plaintiff the benefit of the doubt as to the service of process issues and the presence of personal jurisdiction over these nonresident Defendants, Plaintiff's conclusory allegations are insufficient to state a claim to pierce the corporate veil and assert claims directly against these high ranking corporate officers. Plaintiff's Complaint does not allege any facts plausibly suggesting that either of these corporate officers had any direct knowledge or involvement with Plaintiff or the facts underlying his claims against Trans Union, LLC or the American Express Company, the moving Defendants' employers. In addition, Plaintiff's allegations against Defendants Mehta and Chenault mirror those made by Plaintiff against their respective employers. Thus, Plaintiff's Complaint fails to sufficiently state a "plausible" legal claim

against either Defendant Mehta or Defendant Chenault upon which relief could be granted.  <u>See</u> <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305–306 (1st Cir. 2008) (the factual allegations must "possess enough heft" to set forth "a plausible entitlement to relief"); and <u>Ashcroft v. Iqbal</u>, 129 St. Ct. 1937, 1949 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 520 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  Accordingly, I recommend that Defendant Mehta's (Document No. 16) and Defendant Chenault's (Document No. 23) unopposed Motions to Dismiss be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 11, 2010