UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


MICHAEL P. TATRO                      :
                                      :
        v.                            :        C.A. No. 09-631S
                                      :
CITIGROUP, INC., et al.               :


**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge


        Plaintiff commenced this pro se action in Providence County Superior Court in late 2009.[1]

His Complaint is eighty-four pages long and names over a dozen corporate and individual

Defendants.  Plaintiff asserts numerous state and federal claims including alleged violations of the

federal Fair Credit Reporting Act.

        Pending before me for report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72)

are two pending Motions to Dismiss, each filed on February 19, 2010.  (Document Nos. 36 and 37).

Plaintiff has not filed an opposition to either Motion, and the time for doing so expired on March

8, 2010.  Local Rule Cv 7(b)(1).  Plaintiff also did not file a motion to extend the opposition

deadline.  Thus, the Motions are unopposed and ripe for decision.

        The first Motion to Dismiss (Document No. 36) was filed by Defendant J. Dann Adams who

is apparently sued on an agency theory by Plaintiff.  Mr. Mehta is sued in his capacity as the

Manager of Equifax Information Services, LLC.  Equifax Information Services, LLC is also a

Defendant in this action.  Mr. Adams moves to dismiss for failure to state a claim, Fed. R. Civ. P.

---

[1] Plaintiff is currently incarcerated serving a federal sentence imposed in United States v. Tatro, CR No. 07-143S, on January 7, 2009.

12(b)(6), lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and insufficient process and service

of process, Fed. R. Civ. P. 12(b)(4) and (5).  The second Motion to Dismiss (Document No. 37) was

filed by Defendant Richard F. Smith and raises the same legal arguments as Mr. Adams' Motion.

Mr. Smith is sued in his capacity as the President of Equifax, Inc.  Equifax, Inc. is also a Defendant

in this action.

After reviewing Plaintiff's pro se Complaint and the dismissal arguments made by

Defendants Adams and Smith, I recommend that the pending Motions to Dismiss (Document Nos.

36 and 37) be GRANTED.  First, Plaintiff has failed to file an opposition to either Motion.

Although Plaintiff is entitled to some deference due to his pro se status, it is his responsibility to

keep abreast of the rules and his filing requirements in this case (Local Rule Gen. 201(b)(4)) and

also his obligation to notify the Clerk of Court of any change in address (Local Rule Gen. 205(d)).

Second, the unopposed legal arguments made by Defendants Adams and Smith have merit

and warrant dismissal of Plaintiff's agency claims against them.  Plaintiff has sued the employers

of both of these individual Defendants.  Even giving Plaintiff the benefit of the doubt as to the

service of process issues and the presence of personal jurisdiction over these nonresident

Defendants, Plaintiff's conclusory allegations are insufficient to state a claim to pierce the corporate

veil and assert claims directly against these high ranking corporate officers.[2]  Plaintiff's Complaint

does not allege any facts plausibly suggesting that either of these corporate officers had any direct

knowledge or involvement with Plaintiff or the facts underlying his claims against Equifax, Inc. or

---

[2] Plaintiff alleges that Defendant Equifax Information Services, LLC is a Georgia Limited Liability Company and that Defendant Adams is a "manager" of such LLC who directed, authorized and ratified the conduct of the LLC and its employees, agents or representatives. (Document No. 1-1 at ¶¶ 30-31).  However, under Geogia law, a manager of an LLC is not liable, solely by reason of being a manager, for the debts or liabilities of the LLC or for the acts or omissions of its agents or employees. See Ga. Code Ann., § 14-11-303(a); see also R.I. Gen. Laws § 7-16-23.

Equifax Information Services, LLC, the moving Defendants' employers.  In addition, Plaintiff's allegations against Defendants Adams and Smith mirror those made by Plaintiff against their respective employers.  Thus, Plaintiff's Complaint fails to sufficiently state a "plausible" legal claim against either Defendant Adams or Defendant Smith upon which relief could be granted.  See Gagliardi v. Sullivan, 513 F.3d 301, 305–306 (1st Cir. 2008) (the factual allegations must "possess enough heft" to set forth "a plausible entitlement to relief"); and Ashcroft v. Iqbal, 129 St. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 520 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  Accordingly, I recommend that Defendant Adam's (Document No. 36) and Defendant Smith's (Document No. 37) unopposed Motions to Dismiss be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 15, 2010