UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL P. TATRO      :
      :
    v.      :    C.A. No. 09-631M
      :
CITIGROUP, INC., et al.      :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is Plaintiff's[1] Response to the Court's Order to Show Cause ("OSC") dated January 5, 2012. (Document No. 154). The OSC advised Plaintiff that this "case has been pending...without adequate proof of service or any answers or responsive pleadings having been filed as to the following defendants: Smithfield Peat Co., Inc.; Oxford Collection Agency, Inc.; Wolpoff and Abramson, LLC; UFS Debt Recovery Service; Mann Bracken; Household Bank; HHLD Bank; Orchid Bank Card Services, Inc. and Orchid Bank." (Document No. 150). The OSC also warned Plaintiff that this case would be dismissed without prejudice as to these Defendants for lack of prosecution pursuant to Local Rule Cv 41 and Fed. R. Civ. P. 4(m) unless he could show good cause as to why they should not be dismissed. Id.

In response, Plaintiff reported that he had settled with Smithfield Peat Co., Inc. and that Mann Bracken and Wolpoff Abramson were in bankruptcy proceedings, and he was not pursuing his claims against them. See Document Nos. 156 and 157 (Notices of Dismissal). He reported a pending settlement with "all HSBC (Household Bank) defendants" that will include dismissals as to Household

---

[1] Plaintiff Michael P. Tatro pled guilty before this Court in 2008 to bank fraud and filing a false federal tax return and was sentenced to fifty-one months in prison. United States v. Tatro, CR No. 07-143S (D.R.I.). He is currently incarcerated at Federal Correctional Institution – Petersburg, Virginia, with a projected release date of August 21, 2013.

Bank; HHLD Bank; Orchid Bank Card Services, Inc. and Orchid Bank. He conceded that he failed to include any factual allegations against UFS Debt Recovery Service in his pending Complaint. Finally, as to Oxford Collection Agency, Inc., Plaintiff seeks leave to make a further attempt at service of process.

In short, Plaintiff does not object to dismissal of his claims against the entities identified in the OSC with the exception of UFS Debt Recovery Service and Oxford Collection Agency.

**Background**

Plaintiff commenced this case in Rhode Island Superior Court in 2009. His First Amended Complaint named fourteen defendants (not including numerous John Does) and primarily alleged violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Defendant Trans Union LLC removed Plaintiff's First Amended Complaint to this Court on December 28, 2009. (Document No. 1).

After settlement with some Defendants and dismissal of others, Plaintiff filed a Second Amended Complaint on January 10, 2011 which named several new Defendants and again primarily alleged violations of the FCRA. (Document No. 83). Plaintiff apparently settled with several of these Defendants and unsuccessfully sought default as to others. Finally, as noted in the OSC, Plaintiff failed to present adequate proof of service as to several Defendants. (See Document No. 150).

In addition to his response to the OSC, Plaintiff has also recently moved to file a Third Amended Complaint. (Document No. 155). This Motion has also been referred to me but for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) rather than a report and recommendation. In his Proposed Third Amended Complaint, Plaintiff seeks leave to replead as to UFS Debt Recovery Service and Oxford Collection Agency, to renew claims against Equifax (a previously dismissed

Defendant – Document No. 86), and to add three new Defendants – United Financial Service, Check Free and Allstate Insurance Company.

As a prison inmate, Plaintiff is subject to the Prison Litigation Reform Act ("PLRA"), which was enacted by Congress to curtail meritless prisoner suits. See Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 345-346 (D.N.J. 2003) (citing Santana v. United States, 98 F.3d 752, 755 (3rd Cir. 1996)). Under the PLRA, a prisoner may be excused from prepayment of the $350.00 civil case filing fee[2] but for each individual case is still required to pay an initial partial filing fee and subsequent installments dependent on the amount of the balance in the prisoner's institutional account until the filing fee is paid in full. See 28 U.S.C. § 1915(b). The PLRA also contains other procedural requirements such as initial court screening to weed out frivolous and meritless claims and a "three strike rule" which limits a prisoner's ability to file new claims if he or she has had cases dismissed as frivolous, malicious or for failing to state a claim on three or more prior occasions. See 28 U.S.C. §§ 1915(e), 1915A and 1915(g).

Here, Plaintiff's original Complaint was filed in state court and removed to this Court on federal question grounds. Thus, his original Complaint and later Amendments have not been subject to any review and processing under the PLRA. He has never paid any filing fee in this Court but has pursued numerous claims against numerous parties. Plaintiff's strategy in this case has become apparent. He reloads or replenishes the case with Defendants from time to time and then focuses on settling with those new parties. While most of the claims consist of FCRA-type claims, the parties and events are generally unrelated and thus should be presented in separate lawsuits and not grouped together in a revolving lawsuit. While Rule 18(a), Fed. R. Civ. P., permits a plaintiff to bring multiple

---

[2] It appears from the Superior Court civil docket sheet that Justice Lanphear of that Court excused Plaintiff from the state court filing fee by decision filed on October 27, 2009. (Document No. 12).

claims against a defendant in a single action, "it does not permit the joinder of unrelated claims against different defendants." Spencer v. Bender, No. CA 08-11528-RGS; 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Finally, Rule 20, Fed. R. Civ. P., governs the permissive joinder of multiple parties in a single complaint. In particular, Rule 20(a)(2) provides that separate persons or entities may be joined in one complaint as defendants if there is a claim "asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

By bringing multiple, unrelated claims in a single lawsuit and by amending from time to time to stock up on defendants, Plaintiff is effectively circumventing the filing fee requirement and the requirements of the PLRA, as well as violating Rule 20, Fed. R. Civ. P. See George v. Smith, 507 F.3d at 607 ([b]y including multiple claims in a single lawsuit, a prisoner may improperly attempt to reduce his liability for civil case filing fees). To date in this case over the past two and one-half years, Plaintiff has been able to sue well over twenty separate individuals and entities in a single, removed case. While there is no basis for me to conclude that Plaintiff was aware of the PLRA and intentionally circumvented its requirements, it is clear that Plaintiff's pleading strategy has done so and this 2009 removed case has run its course and should be closed for the following reasons.

### A. The Order to Show Cause

After thoroughly reviewing the history of this case and Plaintiff's Response to the OSC, the following conclusions are recommended. I recommend that Plaintiff be given thirty days to file dismissals with prejudice as to Smithfield Peat Co., Inc.; Household Bank; HHLD Bank; Orchid Bank Card Services, Inc.; Orchid Bank based on reported settlements, or the Court will enter dismissals with prejudice as to these Defendants. I also recommend that Plaintiff be given thirty days to file dismissals

without prejudice as to Mann Bracken and Wolpoff and Abramson, LLC based on Plaintiff's decision not to pursue claims against them, or the Court will enter dismissals without prejudice as to these Defendants.

With respect to Oxford Collection Agency, Inc., Plaintiff first named it as a Defendant in his Second Amended Complaint filed on January 10, 2011. (Document No. 83). Thus, under Rule 4(m), Fed. R. Civ. P., Plaintiff was required to serve Oxford within 120 days of that date. Plaintiff filed a proof of service as to Oxford on March 7, 2011 and later sought entry of default on April 19, 2011. (Document Nos. 102 and 121). However, on August 2, 2011, Plaintiff's request to default Oxford was denied due to the absence of any showing that Plaintiff had effectively served Oxford. (Document No. 133, p. 3). Now, over one year after he first named Oxford in this case and over six months after he was first advised that he had not made effective service, Plaintiff seeks additional time to serve Oxford. Plaintiff has not, however, shown good cause for the failure to serve Oxford in a timely fashion and thus I recommend that his Complaint as to Oxford be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

With respect to UFS Debt Recovery Service, Plaintiff concedes that, although he placed UFS's name in the case caption, he omitted any factual allegations against UFS from the body of the Second Amended Complaint filed on January 10, 2011. Thus, Plaintiff has never stated a claim upon which relief could be granted against UFS (see Rules 8(a) and 12(b)(6), Fed. R. Civ. P.) and has also not shown good cause for failing to serve UFS in a timely fashion (see Rule 4(m), Fed. R. Civ. P.). Now, Plaintiff asserts that UFS, "through its alter ego United Financial Service, has committed four new violations of Plaintiff's rights" which he proposes to pursue in an amended pleading in this case. Plaintiff's attempt is too little and too late to revive his unstated claim against UFS in this case and I recommend that his attempted claim against UFS be dismissed without prejudice.

Second, Plaintiff moves for Leave to File a Third Amended Complaint pursuant to Rule 15(a), Fed. R. Civ. P. (Document No. 155). While Rule 15(a)(2) directs that "[t]he Court should freely give leave [to amend] when justice so requires," Plaintiff concedes that "the Rule does not require that the court carry a rubber stamp" and leave to amend may be denied "when justice so requires." (Document No. 155, p. 1). Here, Plaintiff wants to bring a new round of claims against Equifax, to replead his claims against Oxford Collection Agency, to bring a new claim against Allstate Insurance Company, and to state new claims against UFS Debt Recovery and its alleged alter ego United Financial Service.[3]

Based on my review of the history of this case and Plaintiff's Proposed Third Amended Complaint, I conclude that justice requires the denial of Plaintiff's Motion for Leave to Amend and so order for the following reasons. As previously discussed, Plaintiff is a prison inmate subject to the requirements of the PLRA, and he is circumventing such requirements by repeatedly adding new parties and claims to this pending case which was removed to this Court from State Court in 2009. Also, he is attempting to improperly join unrelated claims against unrelated parties in a single lawsuit in contravention of Rule 20, Fed. R. Civ. P. Of course, this denial of leave to amend does not preclude Plaintiff from initiating new individual lawsuits against these parties in compliance with the applicable rules.

**Conclusions**

1. For the foregoing reasons, I recommend that the Court take the following actions based on Plaintiff's Response (Document No. 154) to the Court's Order to Show Cause dated January 5, 2012:

---

[3] Plaintiff also names Check Free, an Ohio Company, in the caption of his Proposed Third Amended Complaint and in the list of Defendants. However, Plaintiff fails to include any factual allegations as to Check Free and thus has failed to state any viable claims against it.

I recommend that Plaintiff be given thirty days to file dismissals with prejudice as to Smithfield Peat Co., Inc., Household Bank, HHLD Bank, Orchid Bank Card Services, Inc., Orchid Bank based on reported settlements, or the Court will enter dismissals with prejudice as to these Defendants. I also recommend that Plaintiff be given thirty days to file dismissals without prejudice as to Mann Bracken and Wolpoff and Abramson, LLC based on Plaintiff's decision not to pursue claims against them, or the Court will enter dismissals without prejudice as to these Defendants. Finally, I recommend that Plaintiff's claims against Oxford Collection Agency, Inc. and UFS Debt Recovery Service be dismissed without prejudice.[4]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

2. Plaintiff's Motion for Leave to File a Third Amended Complaint (Document No. 155) is DENIED for the reasons previously stated.

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 14, 2012

---

[4] The acceptance of these recommendations by the District Court and the denial of Plaintiff's Motion for Leave to Amend herein will result in the closure of this 2009 case.